[Cite as *State v. Burchell*, 2018-Ohio-2138.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

JENNIFER BURCHELL

    Appellant

C.A. No.    17CA011188

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16CR095085

DECISION AND JOURNAL ENTRY

Dated: June 4, 2018

HENSAL, Judge.

{¶1}    Jennifer Burchell appeals her convictions in the Lorain County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    Deputy Sheriff Stephen Fuller testified that he went to the motel where Ms. Burchell was staying to arrest her on a warrant. After handcuffing her, he asked her whether she wanted him to bring any of her possessions with them because he knew that the motel would likely throw out anything that she left behind. Ms. Burchell asked him to bring her purse and some clothing. Deputy Fuller checked the purse for weapons, but did not see any. According to the deputy, before he placed Ms. Burchell in his car, he told her the consequences of bringing drugs into the jail and advised her that she should tell him if she had any. He gave her the same instruction just before they arrived at the jail, but Ms. Burchell indicated both times that she did not.

{¶3}    According to Deputy Fuller, when they arrived at the jail, he took Ms. Burchell into the vestibule and put her possessions in a locker.  Deputy Ruben Ortiz testified that he inventoried Ms. Burchell's possessions.  While going through her purse, he found three prescription pill bottles, one of which contained two patches that contained fentanyl.  The Grand Jury subsequently indicted Ms. Burchell for one count of illegal conveyance of drugs of abuse onto the grounds of a specific government facility and one count of possession of drugs.  A jury found her guilty of the offenses, and the trial court sentenced her to community control.  Ms. Burchell has appealed, assigning as error that her conviction for conveyance was not supported by sufficient evidence.

II.

ASSIGNMENT OF ERROR

THE VERDICT IN THIS CASE IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶4}    Ms. Burchell argues that her conveyance conviction was not supported by sufficient evidence.  Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In making this determination, we must view the evidence in the light most favorable to the prosecution:

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶5} The jury convicted Ms. Burchell of violating Revised Code Section 2921.36(A)(2), which provides that "[n]o person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility * * *[a]ny drug of abuse * * *." Ms. Burchell argues that she did not convey the fentanyl to the jail because it was Deputy Fuller, not her, who transported it onto the grounds of the jail. She notes that there was nothing in her hands from the time Deputy Fuller handcuffed her at the motel to the time that she entered the jail.

{¶6} According to Deputy Fuller, he told Ms. Burchell that he was going to be transporting her to the jail and that she was prohibited from bringing narcotics into the facility. He warned her again just before they reached the jail. Ms. Burchell, nevertheless, had him carry her purse with two patches of fentanyl into the jail. Viewing this evidence in a light most favorable to the State, we conclude that there was sufficient evidence that Ms. Burchell knowingly conveyed a drug of abuse onto the grounds of a detention facility. *See State v. Plata*, 12th Dist. Warren No. CA2013-05-049, 2014-Ohio-449, ¶ 22 (concluding there was sufficient evidence of grand theft when defendant "removed or, at his direction, had the [car] removed from the house[.]"). Ms. Burchell's assignment of error is overruled.

III.

{¶7} Ms. Burchell's conviction was supported by sufficient evidence. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

─────

There were reasonable grounds for this appeal.

4

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, J.
DISSENTS.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NICHOLAS A. BONAMINIO, Assistant Prosecuting Attorney, for Appellee.